

Barry W. Engle, OSB 96059
Engle & Giles, PC
4614 SW Kelly Avenue, Ste. 201
Portland OR 97239
(503) 224-2171
fax (503) 222-0693
bengle@englegiles.com
    Of Attorneys for Plaintiff Linda Lorraine Wickerham

FILED '07 OCT 23 15:16 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LINDA LORRAINE WICKERHAM<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF PORTLAND, PORTLAND POLICE BUREAU and<br><br>MATTHEW KOHNKE, individually and in his official capacity.<br><br>    Defendants. | No. CV '07 1587 HU<br><br>COMPLAINT<br><br>Civil Rights Action (42 U.S.C. §1983)<br><br>DEMAND FOR JURY TRIAL |

1

## INTRODUCTION

Pursuant to 42 U.S.C. §1983, Plaintiff alleges the violation, under color of state law, of the right to be free from unreasonable searches and seizures protected by the Fourth Amendment to the United States Constitution and from conduct shocking to the conscience in violation of the Due Process clause of the Fourteenth Amendment to the United States Constitution. Plaintiff further alleges an unconstitutional custom policy and practice and deliberate indifference that resulted in the violations of constitutional rights above named.

Page 1 -    COMPLAINT

18096

2.

JURISDICTION

This court has jurisdiction over plaintiff's claims by virtue of 28 U.S.C. §§ 1331, 1343, and 1367.

3.

PARTIES

Linda Lorraine Wickerham ("Wickerham") is a resident of the State of Oregon. Matthew Kohnke ("Kohnke") is a Portland Police Officer. At all material times Kohnke was acting within the scope of his employment with the City of Portland and the Portland Police Bureau. At all relevant times Kohnke was acting under color of state law wearing Portland Police Bureau insignia and uniform. He is named in his individual capacity. City of Portland ("Portland") is a municipality in Oregon responsible under state law for the acts and omissions of its police officers. Portland Police Bureau ("PPB") is an employer and municipal police agency responsible to train, supervise, and direct its individual officers.

4

FACTS

Wickerham is an adult woman living in Portland Oregon. On or about January or February, 2006, she was living as a homeless person at a makeshift campsite near SE Foster Road and 108th Avenue in Portland, Oregon. All relevant events occurred in the State of Oregon, County of Multnomah, and the City of Portland.

5.

On or about January or February, 2006 Kohnke went to the campsite and spoke with Wickerham. He asked her if she had any weapons or drugs. She said that she did not. He asked her if he could search her. She said he could. During the search he did not have a female officer present. During the search he

Page 2 -      COMPLAINT

intentionally and unreasonably:

    a.    Ordered her to lift her shirt and bra exposing her breasts to him.

    b.    Ordered her to pull her pants and underwear out at the waistband exposing her genitals to him.

    c.    Reached into her pants touching her genitals with his hand.

    d.    Sexually harassed her by ordering her to submit and subjecting her to the previously listed actions.

6.

Following the above he wrote her no citations and did not arrest her. He never indicated that she had committed any type of crime. She committed no crime.

7.

Wickerham suffered mental and emotional anguish, fear of this police officer, and fear of police officers in general as a direct and foreseeable result of this contact.

Plaintiff alleges as her FIRST CLAIM FOR RELIEF (§1983 -- Fourth Amendment):

8.

Wickerham re alleges sections 1-8 and incorporates them in her first claim for relief.

9.

Kohnke violated Wickerham's right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution.

10

Wickerham is entitled to non-economic damages against Kohnke in an amount to be determined at trial.

Page 3 -    COMPLAINT

11

The described conduct of Kohnke was reckless and wanton in violation of Wickerham's well established constitutional rights entitling her to an award of punitive damages in amounts to be determined at trial.

12

Wickerham should be awarded reasonable attorney fees, costs and expenses incurred herein pursuant to 42 U.S.C. §1988

Plaintiff alleges as her SECOND CLAIM FOR RELIEF (§1983 – Fourteenth Amendment):

13

Wickerham re alleges sections 1-8 and incorporates them in her second claim for relief.

14

Kohnke violated Wickerham's right to due process, as guaranteed by the Fourteenth Amendment to the United States Constitution by engaging in conduct that "shocks the conscience" and "offends the cannons of decency and fairness".

15

Wickerham is entitled to non-economic damages against Kohnke in an amount to be determined at trial.

16.

The described conduct of Kohnke was reckless and wanton in violation of Wickerham's well established constitutional rights entitling her to an award of punitive damages in amounts to be determined at trial.

17

Wickerham should be awarded reasonable attorney fees, costs and expenses incurred herein pursuant to 42 U.S.C. §1988

Plaintiff alleges as her THIRD CLAIM FOR RELIEF (§1983 – custom, policy, or practice):

18

Wickerham re alleges sections 1-8 and incorporates them in her third claim for relief.

19

PPB and Portland had a custom, policy or practice of allowing officers to conduct such unconstitutional searches in a manner that directly and foreseeably caused the injuries previously mentioned.

20

Wickerham is entitled to non-economic damages against PPB and Portland in an amount to be determined at trial.

21

Wickerham should be awarded reasonable attorney fees, costs and expenses incurred herein pursuant to 42 U.S.C. §1988

Plaintiff alleges as her FOURTH CLAIM FOR RELIEF (§1983 – deliberate indifference):

22

Wickerham re alleges sections 1-8 and incorporates them in her fourth claim for relief.

23

PPB and Portland were deliberately indifferent in allowing Kohnke to continue as a police officer with the knowledge that there had been multiple complaints of sexual harassment or misconduct against

him. This deliberate indifference was the direct and foreseeable cause of the injuries previously alleged. Wickerham is entitled to non-economic damages against PPB in an amount to be determined at trial

24

Wickerham should be awarded reasonable attorney fees, costs and expenses incurred herein pursuant to 42 U.S.C. §1988.

WHEREFORE, plaintiff prays for relief from the court as follows:

1. Assume jurisdiction in this matter over plaintiff's claims and grant a jury trial for all issues so triable.

2. Award plaintiff non-economic damages against defendants in amounts to be determined at trial and in accordance with the allegations set forth above.

3. Award punitive damages against Defendant Kohnke in amounts to be determined at trial.

4. Award plaintiff reasonable attorney fees, litigation expenses and costs against defendants in accordance with the allegations as set forth above.

5. Grant such other relief as may be just and proper.

DATED this 22 day of October, 2007.

ENGLE & GILES, P.C.

_____
Barry W. Engle OSB 96059
(503) 224-2171
Of Attorneys for Plaintiff

PLAINTIFF HEREBY DEMANDS A JURY TRIAL

Page 6 -    COMPLAINT